DCG: USAO 2019R00822

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2020 FEB -5  P 4:39

CLERK'S OFFICE
AT GREENBELT
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GJH20CR0042 |
| | * | |
| TAIWO WALTER MOULTRIE, | * | (Felon in Possession of a Firearm, |
| | * | 18 U.S.C. § 922(g); Forfeiture, |
| Defendant | * | 18 U.S.C. § 924(d), 21 U.S.C. |
| | * | § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
(Felon in Possession of a Firearm)

The Grand Jury for the District of Maryland charges that:

On or about November 8, 2019, in the District of Maryland, the defendant,

**TAIWO WALTER MOULTRIE**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm—that is, a Kel-Tec model P-11, 9mm pistol, bearing serial number AA2A30—and the firearm was in and affecting commerce.

18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. 2461(c), in the event of the defendant's conviction under Count One of this Indictment.

### Firearms Forfeiture

2. Upon conviction of the offense set forth in Count One of this Indictment, the defendant,

**TAIWO WALTER MOULTRIE,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the following firearm: (1) a Kel-Tec model P-11, 9mm pistol, bearing serial number AA2A30 and (2) approximately nine rounds of 9mm ammunition contained therein.

### Substitute Assets

3. If, as a result of any act or omission of a defendant, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
Robert K. Hur
United States Attorney

A TRUE BILL:
**SIGNATURE REDACTED**
Foreperson

Dated: ~~January~~ February 5, 2020