IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Civil Action No. 20-cr-00042-LKG |
| TAIWO MOULTRIE, | ) Dated: April 19, 2024 |
| Defendant | ) |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Defendant, Taiwo Moultrie, has moved for compassionate release, pursuant to 18 U.S.C. 3582(c)(1)(A).  ECF No. 67.  This motion is fully briefed.  ECF Nos. 67, 71.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2023).  Because Mr. Moultrie has failed to exhaust his administrative remedies, the Court **DENIES** Mr. Moultrie's motion for compassionate release.

**II.    BACKGROUND**

Mr. Moultrie is a 45-year-old federal prisoner, currently incarcerated at Federal Correctional Institution ("FCI") Hazelton, located in Bruceton Mills, West Virginia.  ECF Nos. 57, 67.  Mr. Moultrie is serving a 120-month sentence for possession of a stolen firearm and ammunition.  ECF No. 62.

Mr. Moultrie's Sentence

On February 5, 2020, a federal Grand Jury charged Mr. Moultrie with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  ECF No. 1.  On February 14, 2022, Mr. Moultrie was arraigned on a superseding information, and entered a guilty plea as to one count of possession of a stolen firearm and ammunition, in violation of 18 U.S.C. § 922(j).  ECF Nos. 47, 52.  In his plea agreement with the Government, Mr. Moultrie agreed to request

1

the maximum 10-year sentence (120 months) of imprisonment during his sentencing hearing. ECF No. 53 at 5.

On April 18, 2022, the Court sentenced Mr. Moultrie to the maximum 120-month term of incarceration and three years of supervised release. ECF Nos. 61-62. Mr. Moultrie was incarcerated at FCI Hazelton shortly thereafter, where he remains to this day. ECF No. 67. Prior to his confinement at FCI Hazelton, Mr. Moultrie had been incarcerated at Chesapeake Detention Facility in Maryland. *Id*.

## Mr. Moultrie's Request For Compassionate Release

On May 15, 2023, Mr. Moultrie filed a motion for compassionate release, requesting up to a 10-month reduction of his sentence, pursuant to 18 U.S.C. § 3582. *Id*. Mr. Moultrie argues that he is entitled to compassionate release, because: (1) he was in custody from 2019-2022; (2) special sentence-reduction relief is available under the "COVID-19 Hardship Act" for time served during the COVID-19 pandemic; and (3) he was incarcerated throughout the COVID-19 pandemic, resulting in an undeniable hardship warranting a 10-month sentence reduction, pursuant to the COVID-19 Hardship Act. ECF No. 67.

The Government opposes Mr. Moultrie's motion for compassionate release, because: (1) Mr. Moultrie fails to show that he has exhausted administrative remedies and (2) Mr. Moultrie has failed to show extraordinary and compelling reasons to warrant compassionate relief. ECF No. 71 at 2-3.

## Procedural History

On May 15, 2023, Mr. Moultrie filed his motion for compassionate release. ECF No. 67. On May 16, 2023, the Court directed Mr. Moultrie to file his request for compassionate release with the Warden of FCI Hazelton and to file an administrative appeal following any subsequent denial. ECF No. 68.

On June 15, 2023, the Office of the Federal Public Defender for the District of Maryland notified the Court that they would not provide assistance of counsel to Mr. Moultrie with regard to his motion for compassionate release. On July 7, 2023, the Government filed a response in opposition to Mr. Moultrie's motion for compassionate release. ECF No. 71.

Mr. Moultrie's motion for compassionate release having been fully briefed, the Court resolves the pending motion.

### III.    LEGAL STANDARD

#### A.    Compassionate Release

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception to this rule is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug 3, 2020). Section 3582 was adopted as part of the Sentencing Reform Act of 1984. *Id*. The statute originally permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). And so, a defendant seeking compassionate release had to rely on the BOP Director for relief. *See Jarvis v. Stansberry*, 2008 WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) (denying motion for compassionate release because Section 3582 "vests absolute discretion" in the BOP).

In December 2018, Congress significantly amended the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA"). *See* Pub. L. 115-391, 132 Stat. 5239 (2018). This Court has held, as amended by the FCA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a sentence of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. *Wiggins*, 2020 WL 4436373, at *2. And so, once a defendant has exhausted his or her administrative remedies, the defendant may petition this Court directly for compassionate release. *Id*.

Pursuant to Section 3582(c)(1)(A), the Court may modify a defendant's sentence if, "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction;
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Wiggins*, 2020 WL 4436373, at *3. And so, to be entitled to relief under Section 3582(c)(1)(A)(i), the defendant must demonstrate that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13. *Id*.

The United States Sentencing Commission ("the Commission") is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). And so, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the Defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

**IV.   DISCUSSION**

Mr. Moultrie argues that he is entitled to compassionate release, because: (1) he was in custody from 2019 to 2022; (2) special sentence-reduction relief is available under the "COVID-19 Hardship Act" for time served during the COVID-19 pandemic; and (3) he was incarcerated throughout the COVID-19 pandemic, resulting in an undeniable hardship warranting a 10-month sentence reduction under the COVID-19 Hardship Act. ECF No. 67.

The Court must deny Mr. Moultrie's motion because he fails to allege or show that he has exhausted the administrative remedies for his claim for compassionate release. *See* ECF No. 67. As an incarcerated defendant, Mr. Moultrie is required to first seek reductions in his sentence from the BOP *via* a request to the Warden of FCI Hazelton. *See* Pub. L. 115-391, 132 Stat. 5239

(2018). And so, Mr. Moultrie may petition the Court directly for compassionate release only after he has submitted his motion to the Warden of FCI Hazelton and either: (1) fully exhausted his administrative rights to appeal the BOP's failure to bring a motion on his behalf; or (2) after a period of 30 days have lapsed since filing his motion with the Warden without action from the BOP. *Wiggins*, 2020 WL 4436373, at *2.

In this case, Mr. Moultrie argues he is qualified for a sentence reduction because he was incarcerated during the height of the COVID-19 Pandemic. ECF No. 67. But, Mr. Moultrie does not state, nor argue, that he presented the claims in support of his motion for compassionate relief to the BOP, or to the Warden of FCI Hazelton, before directly petitioning the Court for such relief on May 15, 2023. ECF No. 67.

Because Mr. Moultrie neglected to exhaust his administrative remedies before filing his petition in this matter, as required by Section 3582(c)(1)(A), the Office of the Clerk of this Court sent a letter to Mr. Moultrie directing him to first seek a sentence reduction through the Warden of FCI Hazelton and to pursue any available administrative appeals processes on May 16, 2023. ECF No. 68. But Mr. Moultrie has provided no information or evidence to the Court to show that he exhausted his administrative remedies. Given this, the Government persuasively argues that Mr. Moultrie has not shown that he is entitled to a compassionate reduction in sentence. Mr. Moultrie failed to allege or provide documented proof of his exhaustion of remedies. ECF No. 71 at 2-4. And so, the Court **DENIES** Mr. Moultrie's motion for compassionate release.

## V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Moultrie's motion for compassionate release.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge